JONES, JUDGE:
This is one of several claims for damages to personal property caused by flood waters from an abandoned coal mine which were released during construction work on West Virginia Highway No. 61 in or near Montgomery in Fayette County. The cases were consolidated for hearing and on February 16, 1972, this Court issued its opinion overruling the respondent’s motion for dismissal and holding the respondent liable as a matter of law.
At the time of the flood on October 11, 1967, the claimants, Thomas C. Sheppard, Sr. and Nellie Lucille Sheppard, owned their residence property at 409 Fifth Avenue in the City of Montgomery. The house has a full basement which was partly used as a family room and also for utilities, furnace and storage. The furnace was damaged and all of the more than 200 items on the list of damaged articles were destroyed for all practical purposes and were disposed of as rubbish.
An inquiry of damages sustained by the claimants was heard by the Court on May 16 and 17, 1972. The total damages claimed in the petition was reduced by counsel for the petitioners at that time from $5,512.62 to $5,121.00. A review of the evidence shows that the respondent did not object to the allowance of certain damages complained of, including the cost of labor and parts for repairing the furnace in the amount of $1,052.56; cleaning materials, washing and dry-cleaning in the amount of $41.78; the sum of $14.00 paid for labor in cleaning the basement; and certain items of personal property *143 shown to have been destroyed of the value of $429.29; a total of $1,532.63.
Of the balance of the claim, $564.00 is for labor performed by the claimants and their son and daughter-in-law in the cleaning-up operation. Obviously, much of this labor was performed in laying the foundation for and preparing this claim, and the amount of said labor attributable to the claimants’ loss and the value thereof is so uncertain as to be undeterminable and is therefore, disallowed.
The other items of the claim totaling $3,024.37 are supported by varying degrees of proof. The proof of damage to personal property required by the laws of our State is stated in Spencer v. Steinbrecher, 152 W.Va. 490, 164 S.E. 2d 710 as follows:
Syllabus 1: “The general rule with regard to proof of damages is that such proof cannot be sustained by mere speculation or conjecture.”
Syllabus 2: “In proving compensitory damages, the standard or measure by which the amount may be ascertained must be fixed with reasonable certainty, otherwise a verdict is not supported and must be set aside.”
We have considered these remaining items, each on its own merit, as best we could, and in our opinion some meet the test, some do not and many are in the in-between stage where some damage is proved but not the amount claimed. Applying the “reasonable certainty” rule to each of these items, we have endeavored to be fair to both the claimants and the State and have arrived at a valuation in the aggregate amount of $911.40.
Totaling the allowances hereinabove stated, it appears that the claimants are entitled to damages in the amount of $2,444.03, and that equity and good conscience call for a recovery in that amount. Accordingly, an award is hereby made to the claimants, Thomas C. Sheppard, Sr. and Nellie Lucille Sheppard, in the amount of $2,444.03.
Award of $2,444.03.